UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MCNAUGHTON, a Pennsylvania citizen,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut corporation, UNITED HEALTHCARE, INC., a Delaware corporation,<br><br>    Defendants. | CIVIL ACTION<br><br>Case No.:  2:21-cv-03802 |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND EXPEDITED HEARING**

NOW comes Plaintiff, Christopher McNaughton, by and through his undersigned counsel, Munley Law, PC and the Law Offices of Scott Glovsky, APC and respectfully moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a temporary restraining order, a preliminary injunction and an expedited hearing on this matter and asserts the following in support thereof:

1.     Plaintiff Christopher McNaughton is a competent adult individual and a citizen of Pennsylvania with an address at 229 Woodland Drive, State College, Pennsylvania 16803.

2.      Defendant UnitedHealthcare Insurance Company, upon information and belief is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut with its principal place of business at 9900 Bren Road, East Minnetonka, MN 55343.

3.      Defendant UnitedHealthcare, Inc. is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business at 9900 Bren Road, East Minnetonka, MN 55343.

4.      United Healthcare Insurance Company and United Healthcare, Inc. are collectively referred to hereafter as "United".

5.      United are insurance companies licensed and authorized to do business within the Commonwealth of Pennsylvania, and did in fact conduct business, including selling policies, adjusting claims and accepting premiums, and conducting insurance activities in the Commonwealth.

6.      Plaintiff Christopher McNaughton was diagnosed with severe ulcerative colitis in January 2014 at the age of twenty-two.

7.      After seeing many doctors, McNaughton was referred to Dr. Edward Loftus in May 2014 at the Mayo Clinic in Rochester, Minnesota due to the severity of McNaughton's ulcerative colitis. Dr. Loftus is one of the top gastroenterologists in the country.

2

8.     Over a span of five years after his diagnosis, McNaughton, with the assistance and guidance of his physicians, has tried numerous treatment regimens in an attempt to treat his condition.

9.     In October 2018, after failing all other treatment options, Dr. Loftus prescribed Remicade 20 mg/kg every 4 weeks and Entyvio 600 mg every 4 weeks to McNaughton (the "treatment").

10.     The treatment, which McNaughton received via intravenous infusions, was critical to his health and wellbeing.

11.     As a result of this treatment in the dosages prescribed by Dr. Loftus, McNaughton was finally able to gain relief from his illness.

12.     These medications in these exact doses are medically necessary to control McNaughton's disease. Lesser dosages were not effective in treating McNaughton.

13.     United issued a school-sponsored health insurance plan, referred to as Blanket Student Accident and Sickness Insurance Plan to the Pennsylvania State University, Policy No. COL-17-PA (PY21) CERT.

14.     Under this plan, United agreed to pay "for Covered Medical Expenses . . . less any deductible incurred by or for an insured Person for loss due to injury or sickness subject to: a) the maximum amount for specific services as set forth in the Schedule of Benefits; and b) any Coinsurance or Copayment amounts set forth

in the schedule of Benefits or any benefit provision hereto."

15.    Under the plan, Covered Medical Expenses include infusion therapy and prescription drugs.

16.    The plan defines  "Covered Medical Expenses" as " reasonable charges which are: 1) not in excess of Usual and Customary Charges; 2) not in excess of the Preferred Allowance when the policy includes Preferred Provider benefits and the charges are received from a Preferred Provider; 3) not in excess of the maximum benefit amount payable per service as specified in the schedule of benefits; 4) made for services and supplies not excluded under the policy; 5) made for services and supplies which are a medical necessity; 6) made for services included in the Schedule of Benefits and 7) in excess of the amount stated as a deductible, if any."

17.    Medical necessity and medically necessary are defined in the policy as follows: "those services or supplies provided or prescribed by a Hospital or Physician which are all of the following: 1) Essential for the symptoms and diagnosis or treatment of the Sickness or Injury; 2) Provided for the diagnosis, or the direct care and treatment of the Sickness or Injury; 3) In accordance with the standards of good medical practice; 4) Not primarily for the convenience of the Insured, or the Insured's Physician; 5) The most appropriate supply or level of service which can safely be provided to the Insured."

4

18.     McNaughton is a student at the Pennsylvania State University and is eligible to and did in fact enroll in the school-sponsored health insurance plan issued by United.

19.     McNaughton was an insured person under the policy for the 2019-2020, 2020-2021 and 2021-2022 policy periods.

20.     McNaughton pays monthly premiums in exchange for United's promise to provide medically necessary treatments which include the treatment prescribed by Dr. Loftus.

21.     McNaughton received treatment in the dosages prescribed by Dr. Loftus under the policies issued in the 2019-2020 and 2020-2021 school years and the same was paid by United. The actions of United during the 2020-2021 policy are described with particularity in the Complaint filed simultaneously with this Motion.

22.     On May 14, 2021, McNaughton received a denial email advising him that United had conducted a pre-determination review and that it would not cover his treatments at the dosage prescribed by Dr. Loftus as of August 13, 2021. The reason provided for the denial was that, in the peer-to-peer review, Dr. Loftus had agreed that the current treatment was "not appropriate" and that it was "appropriate" for McNaughton to receive a different treatment protocol (suggested by United) that would cost significantly less. The email also stated that Dr. Loftus

had agreed to reduce the doses of the medications. These statements, which form the basis of United's denial, are false.

23.    After being confronted about the false statements in the initial May 14th denial, United issued another denial on June 4, 2021. In this denial, United advised McNaughton that they would not cover his treatment at the dosages prescribed by Dr. Loftus, because it did not meet United's requirements for medical necessity.

24.    Dr. Loftus submits that the treatment is medically necessary and is neither experimental nor investigational. Failure to receive the treatment will result in life threatening medical complications.

25.    McNaughton is unable to pay for the treatment himself and United's continued refusal to pay for the treatment will cause irreparable harm and endanger his health.

26.    McNaughton requests that the Court Order a security pursuant to F.R.C.P. 65(c) in the amount of $100.00.

27.    In support of this Motion, Plaintiff relies upon the following materials which are incorporated herein by reference:

    (a) Complaint;

    (b) Brief in Support of Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Hearing; and

(c) Declarations of Christopher McNaughton and Dr. Edward Loftus.

WHEREFORE, Plaintiff Christopher McNaughton respectfully requests that this Honorable Court grant his Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Hearing, and require United to pay for the medically necessary treatment. Further, McNaughton requests that the Court schedule an expedited hearing on the Motion as any delay will prevent him from receiving his next life-saving treatment.

DATED: September 20, 2021     **MUNLEY LAW, PC**

By: /s/ Marion K. Munley
       Marion K. Munley
       PA ID. No. 46957
       John M. Mulcahey
       PA ID. No. 74562
       Melinda C. Ghilardi
       PA ID. No. 40396
       Katie Nealon
       PA ID. No. 315965

**LAW OFFICES OF SCOTT GLOVSKY, APC**

By:     /s/ Scott C. Glovsky
         SCOTT C. GLOVSKY
         CA State Bar No. 170477
         Attorneys for Plaintiff
         Admitted Pro Hac Vice