IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MCNAUGHTON, a Pennsylvania citizen, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:21-cv-03802 |
| v. | : | |
| | : | Judge Michael M. Baylson |
| UNITEDHEALTHCARE INSURACE COMPANY, a Connecticut corporation, UNITED HEALTHCARE, INC., a Delaware corporation, | : | Electronically Filed |
| | : | |
| Defendants. | : | |
| | : | |

# ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of the United Healthcare Defendants' Motion to Dismiss Count Five of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), it is hereby **ORDERED** that the Motion is **GRANTED** and Count Five of Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
Michel M. Baylson
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MCNAUGHTON, a Pennsylvania citizen, | : : | CIVIL ACTION |
| Plaintiff, | : : : | N. 2:21-cv-03802 |
| v. | : : | Judge Michael M. Baylson |
| UNITEDHEALTHCARE INSURACE COMPANY, a Connecticut corporation, UNITED HEALTHCARE, INC., a Delaware corporation, | : : : | Electronically Filed |
| Defendants. | : :: : | |

## THE UNITED HEALTHCARE DEFENDANTS' 
## MOTION TO DISMISS COUNT FIVE OF PLAINTIFF'S COMPLAINT

Defendants UnitedHealthcare Insurance Company ("UHIC") and United Healthcare, Incorporated ("UHI") (together, the "United Healthcare Defendants"), by and through their undersigned counsel, hereby move to dismiss Count Five of Plaintiff's Complaint for the reason set forth in their Opening Brief in Support of their Motion to Dismiss filed herewith.

WHEREFORE, the United Healthcare Defendants respectfully request this Court dismiss Count Five of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted.

Date: September 23, 2020          */s/ Jeffrey A. Lutsky*
                                  STRADLEY RONON STEVENS & YOUNG, LLP
                                  Jeffrey A. Lutsky, Esquire
                                  Chelsea Biemiller, Esquire
                                  2005 Market Street, Suite 2600
                                  Philadelphia, PA 19103
                                  P: (215) 564-8000
                                  F: (215) 564-8120
                                  jlutsky@stradley.com
                                  cbiemiller@stradley.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MCNAUGHTON, a Pennsylvania citizen, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:21-cv-03802 |
| v. | : | |
| | : | Judge Michael M. Baylson |
| UNITEDHEALTHCARE INSURACE COMPANY, a Connecticut corporation, UNITED HEALTHCARE, INC., a Delaware corporation, | : | Electronically Filed |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**THE UNITED HEALTHCARE DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COUNT FIVE OF PLAINTIFF'S COMPLAINT**

Defendants UnitedHealthcare Insurance Company ("UHIC") and United Healthcare, Incorporated ("UHI") (together, the "United Healthcare Defendants") submit this brief in support of their motion to dismiss Count Five of Plaintiff's Complaint, which asserts a putative cause of action for an "injunction." *See* Complaint at ¶¶ 105-113. Put simply, an injunction is a form of relief, not a cause of action and, as a result, Count Five fails to state a legally cognizable "claim." *See* Fed. R. Civ. P. 12(b)(6). Dismissal with prejudice is proper.

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the whole or partial dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Consideration of a Rule 12(b)(6) motion to dismiss involves three distinct steps. *See Santiago v. Warminster Township*, 629 F.3d 121, 130-31 (3d Cir. 2010). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130

(alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Second, the court must distinguish well-pleaded facts, which must be accepted as true, from mere legal conclusion, which need not. *Id.* at 131-32; *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Third, and finally, the court must examine the allegations to determine whether they are legally sufficient to show a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. Where a Plaintiff's failure to state a plausible claim for relief is the product of incurable legal defect, dismissal with prejudice is appropriate. *See, e.g.*, *Burns v. Femiani*, 786 Fed. App'x 375, 380 (3d Cir. 2019) (dismissal with prejudice proper where "amendment of the complaint would have been futile.").

## II. COUNT FIVE OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff asserts five putative causes of action against the United Healthcare Defendants: (i) common law breach of contract, (ii) statutory bad faith, pursuant to 42 Pa. C.S. § 8371, (iii) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq., (iv) common law negligent misrepresentation, and (v) "injunctive relief." Defendants' motion and this supporting brief address only Count Five, titled "Injunction," through which Plaintiff "requests a declaration and injunction from this Court that United has an obligation to pay for Remicade 20 mg/kg every 4 weeks and Entyvio 600 mg every 4 weeks for the remainder of the policy term in which United insures Plaintiff." Compl. at ¶ 108.

Although Plaintiff characterizes and enumerates this request as a separate-and-distinct "cause of action," *id.* at ¶ 105, it is axiomatic that injunctive relief "'is a remedy rather than a cause of action." *Teva Pharm. USA, Inc. v. Sandhu*, 291 F.Supp.3d 659, 681 (E.D. Pa. 2018) (citing *Birdman v. Office of the Governor*, 677 F.3d 167, 172 (3d Cir. 2012)). And, because "[a] request for injunctive relief by itself does not state a cause of action . . . a separately pled claim

or cause of action for injunctive relief is inappropriate." *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 465 (E.D. Pa. 2013) (quotation omitted); *see also Pittsburgh Logistics Sys., Inc. v. Cox Logistics LLC*, Civ. No. 20-817, 2021 WL 811394, at *13 (W.D. Pa. Mar. 3, 2021) (noting that "an injunction is a form of relief and not a standalone cause of action"); *Monarch v. Gorman*, Civ. A. No. 14-5980, 2015 WL 5584555, at *3 (E.D. Pa. Sept. 22, 2015) (dismissing plaintiffs' claim for a preliminary and permanent injunction because "injunctive relief is a remedy, not a separate cause of action.").

Pursuant to this well-established principle, this Court should dismiss Count Five of Plaintiff's Complaint—through which he asserts his request for injunctive relief as a separate cause of action—as a matter of law. *See, e.g.*, *Teva Pharms. USA, Inc.*, 291 F.Supp.3d at 681 (dismissing standalone "cause of action" for injunctive relief); *Slemmer*, 955 F. Supp. 2d at 465 (dismissing standalone "cause of action" for injunctive relief). Moreover, because Count Five is "legally rather than factually deficient, and thus incurable," dismissal with prejudice is proper. *See Carpenters Combined Funds Inc. v. Kelly Sys., Inc.*, No. 1:15-CV-1091, 2015 WL 6083598, at *7 (M.D. Pa. Oct. 15, 2015) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

### III. CONCLUSION

For the foregoing reasons, the United Healthcare Defendants respectfully request that the Court grant their Motion to Dismiss Count Five of Plaintiff's Complaint and enter an Order in the form attached to the Motion.

| | |
|---|---|
| Date: September 23, 2020 | */s/ Jeffrey A. Lutsky* <br> STRADLEY RONON STEVENS & YOUNG, LLP <br> Jeffrey A. Lutsky, Esquire <br> Chelsea Biemiller, Esquire <br> 2005 Market Street, Suite 2600 <br> Philadelphia, PA 19103 <br> P: (215) 564-8000 <br> F: (215) 564-8120 <br> jlutsky@stradley.com <br> cbiemiller@stradley.com |

**CERTIFICATE OF SERVICE**

    I, Chelsea Biemiller, hereby certify that on September 23, 2021, a copy of the United Healthcare Defendants' foregoing Motion to Dismiss Count Five of Plaintiff's Complaint, Opening Brief in support thereof, and proposed Order were filed electronically via the Court's ECF system and are available for viewing and downloading from the Court's ECF system, and that all counsel of record were served with a copy of the foregoing motion via the Court's ECF System.

                                                                              */s/ Chelsea Biemiller*
                                                                              Chelsea Biemiller