IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MCNAUGHTON, : | CIVIL ACTION |
| : | |
| Plaintiff, : | |
| : | NO. 2:21-cv-03802 |
| v. : | |
| : | |
| UNITEDHEALTHCARE INSURANCE : | |
| COMPANY, and : | |
| UNITED HEALTHCARE, INC., : | |
| : | |
| Defendants. : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
UNITEDHEALTHCARE INSURANCE COMPANY
AND UNITED HEALTHCARE, INC., TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, UnitedHealthcare Insurance Company and United Healthcare, Inc. (collectively "United" or "Defendants"), by and through their undersigned attorneys, hereby answer the Amended Complaint of Plaintiff, Christopher McNaughton ("Plaintiff") and plead affirmative defenses as follows:

**I.   As to "PARTIES"**

1. Admitted, upon information and belief.

2. Admitted.

3. Admitted.

4. This paragraph does not include an allegation and merely indicates how Defendants will be described through the remainder of the Complaint and therefore no response is required.

5. Admitted.

6. Admitted in part, denied as stated in part. It is admitted only that United handled Plaintiff's health insurance claim in accordance with the applicable health insurance plan in

which Plaintiff was enrolled as well as United's applicable guidelines and policies. The remaining allegations of this paragraph constitute conclusions of law and therefore no response is required.

7. The allegations in this paragraph constitute conclusions of law and therefore no response is required.

## II. As to "JURISDICTION AND VENUE"

8. The allegations in this paragraph constitute conclusions of law and therefore no response is required.

9. Denied.

10. The allegations in this paragraph constitute conclusions of law and therefore no response is required.

## III. As to "FACTUAL ALLEGATIONS"

11. Admitted in part. United admits only that Plaintiff was diagnosed with ulcerative colitis. United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are, therefore, denied.

12. Admitted in part. United admits only that ulcerative colitis is a chronic disease with no known cure. Treatment options and the severity of the disease varies with each individual case. The remaining allegations of this paragraph are denied.

13. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

14. Admitted in part. United admits that ulcerative colitis can be a debilitating condition in severe cases. United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are, therefore, denied.

15. Admitted in part. United admits only that, upon information and belief, Plaintiff sought treatment for his ulcerative colitis from Dr. Loftus. United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are, therefore, denied.

16. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

17. Admitted in part. United admits only that, upon information and belief, Dr. Loftus prescribed to Plaintiff Remicade 20 mg/kg every four weeks and Entyvio 600 mg every four weeks (the "Treatment"). United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are, therefore, denied.

18. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

19. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

20. Denied.

21. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

IV. **As to "THE POLICY"**

22. Admitted in part. United admits that it underwrote the Blanket Student Accident and Sickness Insurance Plan issued to Pennsylvania State University, Policy No. COL-17-PA (PY21) CERT (the "Policy") referenced in this paragraph. To the extent the remaining allegations of this paragraph refer to the Policy, it is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

23. Admitted in part. United admits that is possesses a copy of the Policy; it is specifically denied that the Policy is "unavailable" to Plaintiff. By way of further response, student insurance master policies are issued to the policyholder which, in this case, is the Pennsylvania State University. The Certificate of Coverage, which forms part of the master policy, is available online to insured members and contains all the benefits, terms, and provisions of coverage.

24. Denied as stated. The allegations of this paragraph refer to the Policy, which is a document that speaks for itself, and United denies any inconsistent characterizations thereof.

25. Denied as stated. The allegations of this paragraph refer to the Policy, which is a document that speaks for itself, and United denies any inconsistent characterizations thereof.

26. Denied as stated. The allegations of this paragraph refer to the Policy, which is a document that speaks for itself, and United denies any inconsistent characterizations thereof.

27. Denied as stated. The allegations of this paragraph refer to the Policy, which is a document that speaks for itself, and United denies any inconsistent characterizations thereof.

28. The allegations in this paragraph constitute conclusions of law and therefore no response is required.

29. Admitted in part. United admits only that Plaintiff is a student at the Pennsylvania State University and that he enrolled in the school-sponsored health insurance plan. The remaining allegations in this paragraph constitute conclusions of law to which no response is required.

30. Admitted.

31. Admitted.

32.     Admitted in part.  United admits only that Plaintiff pays monthly premiums for coverage afforded pursuant to the terms of the Policy.  The remaining allegations of this paragraph are denied.

33.     The allegations of this paragraph constitute conclusions of law and therefore no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

V.  **As to "UNITED'S HANDLING OF PLAINTIFF'S COVERED MEDICAL EXPENSES"**

34.     United lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are, therefore, denied.

35.     Denied.  By way of further response, United student healthcare plans do not require a prior authorization as a condition for the approval of services.  When a member receives services, the policy requires that all services be medically necessary, and a medical-necessity review may be conducted, if warranted .

36.     Denied as stated.  United denies that it represented to Plaintiff that his specific drug Treatment would be covered.  United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

37.     Admitted in part.  United admits only that United reimbursed Plaintiff's treatment providers for the prescribed Treatment in July 2020 and August 2020.  United denies that the Treatment prescribed by Dr. Loftus was medically necessary.  Further responding, the dosages of Entyvio and Remicade prescribed to Plaintiff by Dr. Loftus substantially exceed the recommended dosage set forth in guidelines promulgated by the Food and Drug Administration

("FDA"). Additionally, the Treatment involves administering to Plaintiff both Entyvio and Remicade together, which is contrary to the recommendations of both drug manufacturers.

38. Admitted in part. United admits only that in September 2020, United placed a claim from Plaintiff's treatment provider seeking reimbursement for the treatment in "pending" status and asked Plaintiff's treatment providers to supply Plaintiff's medical records so that United could conduct a review of the medical necessity, efficacy, and safety of the treatment, which involves dosing that is significantly in excess of guidelines issued by the FDA and is contrary to the drug manufacturers' recommendations. The remaining allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed to be factual in nature, they are denied.

39. Denied as stated. United denies that it was obligated to inform Plaintiff "in advance" that the drug Treatment would not be covered prospectively. United is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

40. Admitted in part. United admits only that, on information and belief, Plaintiff continued to receive the Treatment. Further responding, United agreed to reimburse Plaintiff's treating providers for the Treatment through the remainder of the 2020-2021 plan year. United is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

41. Admitted in part. United admits only that during the 2020-2021 academic year it pended certain claims concerning the drug regiment being prescribed to Plaintiff to conduct a medical necessity review. United denies that it denied any such claims and, further answering, avers that it paid all of the claims for Plaintiff's drug regimen for the 2020-2021 policy term.

United lacks information or knowledge sufficient to form a belief as to the allegations of this paragraph and they are, therefore, denied.

42. Denied. United lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and they are, therefore, denied. Further answering, United specifically denies that it ever "stopped paying" for Plaintiff's Treatment, as alleged in this paragraph. By way of further response, United placed claims for Plaintiff's medical Treatment in pended status, and thereafter received two calls from Plaintiff's designated representative (on November 4, 2020 and July 1, 2021), during which United's customer service representatives informed Plaintiff's representative that medical records requested were not yet received.

43. Denied. Further answering, on February 1, 2021, a United customer service representative spoke with Plaintiff's mother (his designated representative), and stated that a notation on Plaintiff's account indicated that the claims for his Treatment were for high dollar amounts, which could possibly lead to a review to determine whether all claimed services are medically necessary.

44. Denied.

45. Admitted in part. United admits only that, on information and belief, Plaintiff contacted the Penn State administration regarding coverage for the Treatment. United is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

46. Admitted in part. United admits only that United agreed reimburse Plaintiff's treatment providers for the treatments he had received in September 2020, and that the treatment would be reimbursed through the end of the 2020-2021 policy year. The remaining allegations

of this paragraph refer to an email, which is a writing that speaks for itself and any inconsistent characterizations thereof are specifically denied.

47. Denied.  By way of further answer, United, in accordance with its policies and procedures, caused both internal and independent medical reviews to be conducted concerning the efficacy, safety and medical necessity of Plaintiff's proposed Treatment, which was contrary to the drug manufacturer's recommendations and to FDA guidelines.  Based on the medical reviews conducted, United determined that it could not approve Plaintiff's Treatment in the dosage prescribed, which was substantially above the recommended medical guidelines.  In response to Plaintiff's continued demand for coverage, United offered to arrange for another independent medical review of the proposed Treatment, which Plaintiff declined.  The remaining allegations of this paragraph are denied.

48. Denied. United also incorporates its response to paragraph 47 by reference.

49. The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations are deemed to be factual in nature, they are denied.  United also incorporates its response to paragraph 47 by reference.

50. Denied.

51. Admitted in part.  United admits only that United coordinated a peer-to-peer review of the Treatment between Dr. Loftus and an MRIOA Medical Director reviewer.  The remaining allegations of this paragraph are denied.  Further answering, MRIOA is an independent review organization contracted with United to provide clinical and medical reviews and peer-to-peer services.  United is without information or knowledge sufficient to form a belief as to when Plaintiff learned that a peer-to-peer review was to be conducted.

52. Denied as stated. The allegations of this paragraph refer to an email, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied. Further responding, the writing does not indicate that "United would not cover the infusions" as alleged in this paragraph, and instead indicates that United agreed to cover reduced dosages of the treatment, as the dosages initially prescribed by Dr. Loftus are in amounts double those approved by the FDA and involve taking both Entyvio and Remicade in tandem, which is contrary to the criteria of both drug manufacturers.

53. Denied as stated. The allegations of this paragraph refer to an email, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

54. The allegations of this paragraph are conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

55. Denied as stated. The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

56. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

57. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

58. Admitted in part. United admits only that it issued a letter to Plaintiff on June 4, 2021. The letter is a writing that speaks for itself, and any inconsistent characterizations thereof are denied. Further responding, it is specially denied that United made any "fraudulent statements" as alleged in this paragraph.

59. Denied as stated. The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterization thereof is denied.

60. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

61. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

62. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

63. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

64. Denied as stated. The allegations of this paragraph refer to a letter, which is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

65. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

66. Denied.

67. Denied as stated. The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterization thereof is denied.

68. Denied as stated. The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterization thereof is denied.

69. Denied as stated. The allegations of this paragraph refer to an email and a letter, both of which are writings that speak for themselves and any inconsistent characterizations thereof are denied. It is specifically denied that Dave Opperman's May 14, 2021 email was in any way "fraudulent." Further responding, on information and belief, United's reviewers concerning Plaintiff's medical claims did not receive the June 7, 2021 letter written by Dr. Loftus until Plaintiff attached it as an exhibit to his Complaint.

70. Admitted in part. United admits only that it did not respond to Dr. Loftus' June 7, 2021 letter. It is specifically denied that United "ignored" the letter, as alleged in this paragraph. Further responding, United's reviewer concerning Plaintiff's medical claims did not receive the June 7, 2021 letter written by Dr. Loftus letter.

71. The allegations of this paragraph are conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

72. The allegations of this paragraph constitute conclusions of law to which no response is required.

73. The allegations of this paragraph constitute conclusions of law to which no response is required.

74. Denied. It is specifically denied that United has denied coverage for Covered Medical Expenses pursuant to the Policy. By way of further answer, United has paid all of Plaintiff's claims for his Treatment for the 2020-2021 policy year and further agreed to cover such claims for the 2021-2022 policy year, subject to its ordinary and customary claims handling

policies and procedures. United is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

75. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

76. The allegations of this paragraph and its sub-paragraphs constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied. By way of further answer, United has not denied coverage for any claim received for Plaintiff's Treatment.

77. The allegations of this paragraph constitute conclusions of law to which no response is required.

78. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

79. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

80. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

81. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

82. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

83. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied for lack of information or knowledge.

84. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

85. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

### As to "COUNT ONE"

86. This is an incorporation paragraph to which no response is required.

87. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

88. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

89. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

90. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other relief as the Court deems appropriate.

### As to "COUNT TWO"

91. This is an incorporation paragraph to which no response is required.

92. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they refer to a statute, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

93. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

94. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

95. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

96. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other relief as the Court deems appropriate.

### As to "COUNT THREE"

97. This is an incorporation paragraph to which no response is required.

98. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

99. The allegations of this paragraph and its sub-paragraphs constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other relief as the Court deems appropriate.

### As to "COUNT FOUR"

100. This is an incorporation paragraph to which no response is required.

101. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

102. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

103. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

104. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

UnitedHealthcare Insurance Company and United Healthcare, Inc. (collectively, "United") set forth the following Defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. United did not breach any duty owed to Plaintiff.

3. United paid all of Plaintiff's claims for his Treatment for the 2020-2021 plan year.

4. United agreed to cover Plaintiff's Treatment for the 2021-2022 plan year subject to its usual and customary claims handling policies and practices.

5. No action or inaction on the part of United, its agents, servants, employees, and/or representatives caused or contributed in any manner to the damages alleged by Plaintiff.

6. At all times material hereto, United acted in good faith.

7. At all times material here, United acted with due care and complied with all requirements of applicable law.

8. The damages complained of by Plaintiff, if any, were not caused by United.

9. Some or all of Plaintiff's claims for damages may not be recoverable under law.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other and further relief as this Court deems appropriate.

/s/ Jeffrey A. Lutsky
Jeffrey A. Lutsky, Esquire (PA ID. No. 36673)
Chelsea A. Biemiller, Esquire (PA ID. No. 319615)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(215) 564-8000
(215) 564-8120 (fax)
jlutsky@stradley.com
cbiemiller@stradley.com

*Attorneys for Defendants*
*UnitedHealthcare Insurance Company and*
*United Healthcare, Inc.*

**CERTIFICATE OF SERVICE**

    I, Chelsea A. Biemiller, hereby certify that on November 2, 2021, I caused a true and correct copy of the foregoing to be filed via the Court's ECF system, which constitutes service upon all counsel of record.

                                                                           */s/ Chelsea A. Biemiller*
                                                                           Chelsea A. Biemiller

5332513