Revised: 10/23/2020

## NOTICE TO COUNSEL

## JUDGE BAYLSON'S PRETRIAL AND TRIAL PROCEDURES - CIVIL CASES

**A.**     *Electronic Case Filing*

Judge Baylson requires all attorneys to use Electronic Case Filing (ECF).  ECF provides greater efficiency and timeliness in the filing of pleadings, motions, and automatic e-mail notice of case activity, as well as electronic storage of documents for remote access by the Court, the Bar, and the litigants.  Attorneys appearing before Judge Baylson are required to register as ECF Filing Users in accordance with Rule 5.1.2 of the Local Rules of Civil Procedure, referencing the Procedural Order on Electronic Case Filing.

If Pleadings/Motions are accompanied by lengthy (exceeding 20 pages) or multiple Exhibits, a paper copy of the Pleadings with Exhibits, **bound and appropriately tabbed**, must be mailed or delivered to Chambers.  ***This procedure continues to be in effect, despite the covid-19 health crisis.***  Courtesy copies should not be e-mailed to Chambers.

*Pro se* parties are not required to use ECF.

**B.**     *Pretrial*

1.     A Preliminary Pretrial Conference as described in FED. R. CIV. P. 16(a), (b) and (c) will be held, usually by telephone, approximately 60 to 90 days after an action is filed, or after an Answer is filed, or shortly after a case is reassigned to Judge Baylson's calendar.

2.     Motions to dismiss, amend, transfer, add parties, and other threshold motions should be filed, whenever possible, before the Preliminary Pretrial Conference.

3.      The Preliminary Pretrial Conference will take approximately 10 minutes.  If it is truly impossible for trial or associate counsel to attend the Preliminary Pretrial Conference, please call to reschedule.

4.      Pursuant to Rule 26(f), counsel are required to discuss the following topics among themselves prior to the Preliminary Pretrial Conference and to submit (by fax to Chambers) a Conference Information Report (attached):

        a.      Jurisdictional defects, if any;

        b.      Prospects of settlement;

        c.      Establishing schedules for remaining pretrial proceedings including discovery, exchange of expert reports, dispositive motions,  pretrial memoranda, etc.;

        d.      Conduct of discovery;

        e.      Setting a date for entry of the case into the trial pool.

5.      Initial disclosures under Rule 26(a) should be made prior to the Rule 16 Conference.  Counsel are expected to initiate discovery immediately after the conference and to complete discovery within the stated deadline.  Unless specifically ordered, counsel need not file a discovery report.  As a general rule, the parties should serve document requests forthwith and arrange for the production and copying of documents in a cooperative manner.  Documents produced should be stamped showing their origin with an appropriate numbering system.

6.      Following the Conference, the Court will file a Scheduling Order.

7.      Additional conferences should be requested by counsel if desired for exploration of settlement or for trial management or trial preparation purposes.  A Final Pretrial Conference will be scheduled prior to trial.

8.      If counsel determine that a change in the Scheduling Order is necessary, they should attempt to agree on new dates and submit a letter or Stipulation to that effect, following the format of the Court's original Scheduling Order.  If there is no agreement, a telephone conference should be requested.  Counsel are welcome to suggest appropriate dates for entry of the case into the trial pool.

9.      The date for completing discovery will be set at the Preliminary Pretrial Conference.  Generally, discovery should be completed within 120 days after the Pretrial Conference.  In complex cases, additional time for discovery will be allowed, based on requests by counsel.  The discovery deadline requires that, unless otherwise specified, all reasonably foreseeable fact and expert discovery must be served, noticed, and completed by that date.  Discovery may take place thereafter only by agreement of the parties, so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted.

10.     The filing of a Pretrial Memorandum as described in Local Rule 16.1(c) will be required.  The requirements of Local Rule 16.1(d)(2) will only be utilized when specially ordered.

11.     Unexcused violations of Scheduling Orders are subject to sanctions under FED. R. CIV. P. 16(f), upon Motion or the initiative of the Court.

12.     Stipulations should not be filed on CM/ECF, rather they shall be forwarded to the Clerk's office using the email address:  **ecf_clerksoffice@paed.uscourts.gov**.  The Clerk's

office will forward the stipulation to Chambers.  If the judge signs the stipulation, it will then be filed and docketed as an Order.

**C.**     *Pretrial Motions*

1.     When discovery is not forthcoming after a reasonable attempt has been made to obtain it, a Motion to Compel should be filed promptly.  See Local Rule 26.1(f).  Counsel must discuss any problems that arise concerning discovery with each other and make good faith attempts to resolve those problems before filing any discovery Motions.  Discovery Motions are usually resolved by telephone conference, often before a response is filed.

2.     A party desiring to file a reply in support of any Motion may do so within seven (7) days of service of the brief responding to the Motion, limited to 15 pages, and limited to refuting arguments made in the opposition brief.  Surreply briefs are not accepted without leave of the Court and should only be requested if the moving party has asserted new arguments or citations in its reply brief.

3.     Motions relating to expert testimony should be made promptly after the close of discovery, and in any event, prior to the filing of dispositive Motions, or if none, prior to entry of the case into the trial pool.

**D.**     *Dispositive Motions*

1.     The party filing a Motion for Summary Judgment shall include, preferably as a separate document, or, if short, within the Memorandum of Law, a "Statement of Undisputed Facts," which sets forth, in numbered paragraphs, all material facts that the moving party contends are undisputed, with record references.

2.     The responding party shall include, preferably as a separate document, or within the Memorandum of Law, a "Statement of Disputed or Undisputed Facts" responding to the numbered paragraphs set forth in the moving party's statement, either admitting that the paragraph is not disputed, or if it is disputed, setting forth those facts contended to be in dispute, with record reference to where the party's contention is supported in the papers filed with the Court on the dispositive Motion.

3.     The responding party may also set forth, in additional numbered paragraphs, any additional material facts which the responding party contends preclude the granting of the dispositive Motion, with record references.

4.     For both Motions to Dismiss and Motions for Summary Judgment, a reply brief shall be filed by the moving party within seven (7) days following receipt of the responding party's papers, limited to fifteen (15) pages, and limited to refuting arguments in the responsive brief.  For Summary Judgment Motions, the moving party shall also respond to the responding party's statement of additional material facts, following the numbered paragraphs.  Surreply briefs shall be filed in the same manner as reply briefs (if there are cross-motions); otherwise, surreply briefs are not accepted without leave of Court.

5.     Statements of material facts in support of or in opposition to a Motion for Summary Judgment shall include specific and not general references to the parts of the record that support each statement, such as the title or numbered reference to a document, or the name of a deponent and the page(s) of the deponent's deposition, or the identity of an affidavit or declaration and the specific paragraph relied upon.

6.      Exhibits should be listed in an index and tabbed with corresponding numbers/letters.

7.      Oral argument may be requested or may be required by the Court.

8.      The parties may stipulate to a briefing schedule.

**E.**      **_Settlement_**

A settlement conference is required in every case before a court-appointed mediator, an independent mediator, a Magistrate Judge, or Judge Baylson.  The timing of the settlement conference is, to some extent, in the hands of counsel.  Early settlement conferences are encouraged because they have the potential of saving expenses.  In some cases, however, counsel legitimately want to undertake some discovery before engaging in settlement discussions.  Counsel should not hesitate to request a settlement conference when it is the mutual desire of all parties.

However, the Court will <u>not</u> pressure any party to settle; a trial is welcome if either or both parties request a trial.

**F.**      **_Scheduling Questions_**

Any scheduling questions or issues should be addressed to the Deputy Clerks as follows:

Lori DiSanti, 267-299-7520, all civil cases

Janice Lutz, 267-299-7291, all criminal cases.

**G.**      **_Final Pretrial Conference_**

1.      The Court will generally hold a Final Pretrial Conference (in Court or by telephone) with all counsel at or about the time the case is placed into the trial pool.  The Final Pretrial Conference must be attended by all trial counsel.  Any logistical issues that may impede

the smooth flow of the trial, such as taking witnesses out of order, using video depositions, etc. shall be raised, and the Court will set dates for motions in limine, deposition designations, etc.

2.     Counsel shall also be prepared to discuss significant or unusual legal issues concerning the case and evidentiary issues that may arise during the trial.  Any objections to the admissibility of documents on the opposing party's exhibit list must be raised at the Final Pretrial Conference.

3.     Both parties should have a realistic position as to the time <u>reasonably</u> necessary to present their case.  The Court may impose time limits on the presentation of evidence by a particular party or on the length of time that may be taken for examination of specific witnesses.

**H.**     *Trial*

1.     The Court intends that most cases should be tried (if not settled) within one year of filing.  If extended pretrial proceedings are necessary, every case should reach trial no later than two years after the date of filing.  Exceptions will be necessary only when there have been interlocutory appeals or other unusual pretrial procedures.

2.     The "trial pool date" is the date on which the parties should be prepared to start trial.  The actual trial date is usually discussed as part of the final pretrial conference.  If possible, the Court will set a specific date, but the actual start of a trial may depend on completion of an already on-going trial.  If dispositive motions are still pending, a new trial pool date will be set if the dispositive motion is denied.

3.     Voir dire.  Citizens called for jury duty are entitled to know the nature of the case and how long the trial may take, which counsel will have reviewed with Judge Baylson.  Voir dire is usually scheduled several days prior to the start of trial, to give jurors the opportunity to make arrangements with their employers or families.  Counsel shall exchange proposed voir dire questions with each other and shall be prepared to conduct the voir dire themselves without the Judge present in the Courtroom.  General questions, answered "yes" or "no,"  shall be asked of the entire panel, and those members of the panel who answer "yes" shall be called to sidebar one- by-one where counsel may, on an alternating basis, inquire as to the details behind their "yes" answer to a specific question.   Once there is a sufficient number of jurors to allow for the Court to rule on any unresolved challenges for cause and for preemptive strikes, the questioning shall cease, and counsel shall make strikes on an alternating basis, following which the jury will be seated and sworn.

4.     Any party having an objection to: (a) the admissibility of any exhibit based on

authenticity; (b) the adequacy of the qualifications and/or admissibility of testimony of an expert witness expected to testify; or (c) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in its Pretrial Memorandum.  Each objection shall describe with particularity the ground for the objection.  These issues should be addressed at the Final Pretrial Conference.

5.      If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of opposing counsel prior to trial for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

6.      Sidebar conferences.  Sidebar conferences are exceptionally disruptive to the normal flow of a trial and often raise questions in the jury's mind as to why counsel need to talk to the Judge out of their hearing.  Judge Baylson does not allow sidebar conferences, unless he believes it is essential at that time.  Experience has shown that 99% of the occasions on which counsel ask for sidebar conferences can be resolved by an objection in open Court, or could have been raised either by a pretrial motion in limine or prior to the start of Court that day or at a recess.

7.      Questions by jury.  Counsel may request, or Judge Baylson may allow, the jury to ask questions, particularly in complex cases, often pertaining to expert witnesses.  The Court will review proposed questions with counsel and may amend the questions.  Prior to submission of questions for a witness, the Court may allow the jury to discuss certain testimony in formulating questions for a specific witness.

8.      Trial day.  Experience shows that jurors appreciate an early start.  Therefore, trial will start at 9:00 a.m. each day and proceed to 4:30 p.m. with one hour for lunch.  If counsel

wish to discuss any legal issues, counsel must give advance notice so that the issue can be discussed with the Court without wasting the time of the jury.

9.      Judge Baylson allows jurors to take notes.

10.     Judge Baylson will submit a type-written copy of the charge to the jury to use in the deliberation room.

11.     Because a witness may be unavailable at the time of trial as defined in FED. R. CIV. P. 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any</u> <u>witness</u> whose testimony a party believes is essential to the presentation of that party's case, whether that witness is a party, a non-party, or an expert.  The unavailability of any such witness <u>will</u> <u>not</u> <u>be</u> <u>a</u> <u>ground</u> <u>to</u> <u>delay</u> the commencement or progress of a trial.

In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the appropriate portions of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a court ruling is necessary along with a covering list of the objections with page and line numbers.

12.     Unless a specific date is set, at least three (3) days before the start of a jury trial, each party shall file:

(a)     Proposed Jury Voir Dire Questions;

(b)     Proposed Jury Instructions with <u>pinpoint</u> citations of authority for each point);

(c)     Proposed Jury Interrogatories; and

(d)     Trial Memorandum on the legal issues involved in the case.  Copies may be delivered to Chambers if any documents are lengthy.

-10-

13.     At least three (3) days before a non-jury trial, each party shall submit to the Court (Chambers, Room 3810) two (2) copies of:

(a)     Proposed Findings of Fact and Conclusions of Law; and

(b)     Trial Memorandum on the legal issues involved in the case.  The originals shall be filed with the Clerk of the Court.

14.     Motions *in limine* may be filed after dispositive motions, if any, have been decided, or close to the trial pool date, and should be answered within seven (7) days unless a different briefing schedule is agreed upon or Ordered.

**I.     *General Matters***

1.     After compulsory arbitration, requests for trial *de novo* will result in the case being placed in the trial pool promptly.  No discovery will be allowed after the arbitration except by order of the Court upon good cause shown as to why the discovery requested could not have been reasonably anticipated and completed prior to the arbitration.

2.     Telephone calls to law clerks are discouraged.  Law clerks are not permitted to render advice and have no authority to grant continuances or to speak on behalf of the Court.  All scheduling matters should be discussed with the Deputy Clerk.

3.     Pro se parties are expected to adhere to the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure and to file all of their pleadings with the Clerk of the Court, rather than directly with Chambers.

4.     Correspondence on scheduling is accepted, but correspondence on substantive matters is not accepted and will not be considered.  Other than scheduling issues or to advise that a case has been settled or discontinued, requests for Court action, or opposition to Court action, must be made by a motion filed with the Clerk of the Court.  Courtesy copies of motions and

briefs to Chambers are required only if accompanied by detailed exhibits.  ***Electronic Mail to Chambers is not permitted except for the following reasons***:  1) in direct response to an e-mail from Chambers as to that circumstance or event only; 2) as specifically directed by the Court for a submission via e-mail; and/or 3) with express permission given by Chambers (in very limited and extenuating circumstances).

5.      Agreements on "confidentiality" may be made between counsel without Court approval.  If submitted for Court approval, the agreement must specifically define the type of materials to be protected as "confidential" and may not place any restrictions on the use of "confidential" materials by the Court or in any hearing or trial in Court.

6.      Counsel in any case may request oral argument on a pending motion.  Judge Baylson usually schedules oral argument on dispositive motions, or where the issues are complex and there is no controlling appellate decision.

Counsel are often sent questions in advance of argument and, if so, counsel shall prepare to present their responses at the argument but shall not submit any written material in advance of the argument.

Judge Baylson encourages counsel to allow junior attorneys who have worked on the briefs to participate in the oral argument.

A copy of the "Pretrial and Trial Procedures" for Judge Baylson is available on this Court's website at http://paed.uscourts.gov under the heading "Documents" and the subheading "Judges' Procedures."

O:\FORMS\Pretrial and Trial Procedures, revised October 2020.doc