UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MCNAUGHTON, a Pennsylvania citizen,<br><br>Plaintiff,<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut corporation, UNITED HEALTHCARE, INC., a Delaware corporation,<br><br>Defendants. | CIVIL ACTION<br><br>Case No.:  2:21-cv-03802-MMB<br><br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S PRELIMINARY PRE-TRIAL MEMORANDUM PURSUANT TO LOCAL RULE 16.1.(c)

**(1) A brief statement of the nature of the action and the basis on which the jurisdiction of the court is invoked.**

  This action is brought on behalf of Plaintiff against Defendants for their refusal to provide insurance benefits for Plaintiff's medically necessary infusion mediations in dosages prescribed by his treating physician. Plaintiff alleges breach of contract, bad faith in violation of 42 Pa.C.S.A. § 8371, unfair trade practices and consumer protection law, and negligent misrepresentation.

  This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because the citizenship of the parties is diverse.

**(2) Plaintiff's pretrial memorandum shall contain a brief statement of the facts of the case. Defendant's pretrial memorandum shall contain such counter-statements of the facts as may be necessary to reflect any**

**disagreement with plaintiff's statement. All parties omit pejorative characterizations, hyperbole, and conclusory generalizations.**

In January 2014, at the age of 22, Plaintiff Christopher McNaughton was diagnosed with severe ulcerative colitis, a chronic disease that causes inflammation and ulcers in the digestive tract. This disease causes Plaintiff to have bloody diarrhea up to twenty times a day; severe abdominal pain; severe anemia causing constant fatigue; no appetite; significant weight loss and malnutrition; severe inflammatory arthritis which leaves him unable to walk and requires hospitalization; severe, recurrent, life-threatening, deep vein thrombosis resulting in repeated hospitalizations; repeated fractures and osteopenia; and severe secondary adrenal insufficiency.

After seeing many doctors, McNaughton began treating with one of the top gastroenterologists in the country Dr. Edward Loftus, in May 2014, at the Mayo Clinic in Rochester, Minnesota, due to the severity of his condition. After numerous treatment regiments that had failed, in October 2018, Dr. Loftus prescribed Remicade 20 mg/kg every 4 weeks and Entyvio 600 mg every 4 weeks via intravenous infusions. As a result of this treatment in the dosages prescribed by Dr. Loftus, Plaintiff was finally able to gain relief and get his disease under control.

At the time Plaintiff, as a student at the Pennsylvania State University, was insured under a school-sponsored health insurance plan issued by Defendants for the 2020-2021 plan year. Prior to enrolling in the plan, Defendants represented to him that his treatment would not require prior authorization and treatment was covered in July and August 2020. However, in September 2020, Defendant stopped paying for the infusions without notice to Plaintiff. Plaintiff continued to receive treatments and incurred over $1 million in unpaid bills. Ultimately, Defendant paid for the treatment but advised that it would not cover the prescribed treatment for the 2021-2022 school year forcing Plaintiff to initiate this lawsuit.

On February 1, 2021, a United customer service representative informed the Plaintiff's mother that United had flagged McNaughton's account as a "high dollar amount". On September 20, 2021, Plaintiff was forced to file a Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Hearing. The following day, United authorized coverage in the dosages prescribed by Dr. Loftus for the 2021-2022 academic year. Plaintiff's Motion was withdrawn. However, Plaintiff suffered substantial damages and exacerbation of his disease and new mental health issues.

**(3) A list of every item of monetary damages claimed, including (as appropriate) computations of lost earnings and loss of future earning capacity, medical expenses (itemized), property damages, etc. If relief other than monetary damages is sought, information adequate for framing an order granting the relief sought shall be furnished.**

Plaintiff seeks damages allowable under 42 Pa.C.S.A. §8371 and the Unfair Trade Practices and Consumer Protection law. Plaintiff seeks damages for breach of contract and negligent misrepresentation. Based on Defendants' actions, Plaintiff will also be seeking non-economic damages including but not limited to emotional distress and physical discomfort.

Plaintiff reserves the right to supplement prior to trial.

**(4) A list showing the names and addresses of all witnesses the party submitting the memorandum intends to call at trial. Liability and damages witnesses shall be designated separately.**

1. Christopher McNaughton, 229 Woodland Drive, State College, PA - Plaintiff - damages
2. David McNaughton, 229 Woodland Drive, State College, PA - damages
3. Janice McNaughton, 229 Woodland Drive, State College, PA - damages
4. Employees of UnitedHealthcare including, but not limited to, Victoria Kavanaugh, Colleen Stamps, Yesenia, Devon and Faith (customer service representatives) - liability
5. David Opperman and Kara Opperman -First Risk Advisors - liability
6. Penn State employees including but not limited to Heather Klinger - liability
7. Edward V. Loftus, Jr., M.D., Mayo Clinic, Rochester, MN - damages
8. Representatives/Employees of UnitedHealthcare Insurance Company - liability
9. Representatives/Employees of United Healthcare Inc. - liability
10. Liability expert witness

11. Any medical personnel
12. Any friends/family of Plaintiff
13. Any persons disclosed through the discovery process

Plaintiff reserves the right to supplement prior to trial.

**(5) A schedule of all exhibits to be offered at trial by the party submitting the memorandum.**

1. UnitedHealthcare Insurance Company Blanket Student Accident and Sickness Insurance Plan Certificate of Coverage Policy No. COL-17-PA (PY21) 2021-2022
2. Email from David Opperman, 5/14/21 re 2021-2020 Treatment Coverage
3. Correspondence from Dr. Edward V. Loftus, 5/19/21
4. UnitedHealthcare denial letter to Christopher McNaughton, 6/4/21
5. Correspondence from Dr. Edward V. Loftus, 6/7/21
6. Medical Records
7. Entire claim file maintained by Defendants
8. Defendants' relevant policies and procedures
9. Broker's records

Plaintiff reserves the right to supplement prior to trial.

**(6) An estimate of the number of days required for trial.**

10 to 14 days

**(7) Special comments regarding legal issues, stipulations, amendments of pleadings, or other appropriate matters.**

None at this time.

**MUNLEY LAW, PC**

By: _/s/Marion K. Munley/John M. Mulcahey__
    Marion K. Munley -PA ID. No. 46957
    John M. Mulcahey -PA ID. No. 74562
    Katie Nealon -PA ID. No. 317965
    Melinda C. Ghilardi-PA ID No. 40396


**Law Offices of Scott Glovsky, APC**

By: _/s/Scott Glovsky_____
    Scott Glovsky - CA ID. No. 170477

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I caused a true and correct copy of the foregoing Plaintiff's Preliminary Pre-Trial Memorandum Pursuant to Local Rule 16.1(c) to be filed with the Court's ECF system, which constitutes service upon all counsel of record.

 

                                                                                          s/John M. Mulcahey_____
                                                                                          John M. Mulcahey, Esq.