IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MCNAUGHTON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 2:21-cv-03802 |
| v. | : | |
| | : | |
| UNITEDHEALTHCARE INSURANCE | : | |
| COMPANY, and | : | |
| UNITED HEALTHCARE, INC., | : | |
| | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
UNITEDHEALTHCARE INSURANCE COMPANY
AND UNITED HEALTHCARE, INC.,
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, UnitedHealthcare Insurance Company and United Healthcare, Inc.

(collectively "United" or "Defendants"), by and through their undersigned attorneys, hereby

answer the Second Amended Complaint of Plaintiff, Christopher McNaughton ("Plaintiff") and

plead affirmative defenses as follows:

**I.    As to "PARTIES"**

1.    Admitted, upon information and belief.

2.    Admitted.

3.    Admitted.

4.    This paragraph does not include an allegation and merely indicates how

Defendants will be described through the remainder of the Complaint and therefore no response

is required.

5.    Admitted.

6.     Admitted in part.  It is admitted only that United handled Plaintiff's health insurance claim in accordance with the applicable health insurance plan in which Plaintiff was enrolled, as well as United's applicable guidelines and policies.  The remaining allegations of this paragraph constitute conclusions of law and therefore no response is required.

7.     The allegations in this paragraph constitute conclusions of law and therefore no response is required.

## II.   As to "JURISDICTION AND VENUE"

8.     The allegations in this paragraph constitute conclusions of law and therefore no response is required.

9.     Denied.

10.     The allegations in this paragraph constitute conclusions of law and therefore no response is required.

## III.   As to "FACTUAL BACKGROUND"

11.     Admitted in part.  United admits only that Plaintiff was diagnosed with ulcerative colitis.  United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are, therefore, denied.

12.     Admitted in part.  United admits only that ulcerative colitis is a chronic disease with no known cure.  Treatment options and the severity of the disease varies with each individual case.  The remaining allegations of this paragraph are denied.

13.     United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

2

14.     Admitted in part.  United admits that ulcerative colitis can be a debilitating condition in severe cases.  United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are, therefore, denied.

15.     Admitted in part.  United admits only that, upon information and belief, Plaintiff sought treatment for his ulcerative colitis from Dr. Loftus.  United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are, therefore, denied.

16.     United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

17.     Admitted in part.  United admits only that, upon information and belief, Dr. Loftus prescribed to Plaintiff Remicade 20 mg/kg every four weeks and Entyvio 600 mg every four weeks (the "Treatment").  United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are, therefore, denied.

18.     United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

19.     United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

20.     Denied.

21.     United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are, therefore, denied.

22.     Admitted in part.  United admits only that the treatment was administered in a hospital setting.  United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are, therefore, denied.

23.     Admitted.

24.     Admitted in part.  United admits that it underwrote the Blanket Student Accident and Sickness Insurance Plan issued to Pennsylvania State University, Policy No. COL-17-PA (PY21) CERT (the "Policy") referenced in this paragraph.

25.     Denied as stated.  Further answering, Plaintiff enrolled in the Policy.

**IV.     As to "THE POLICY"**

26.     Admitted in part.  United admits that it underwrote the Policy referenced in this paragraph.  To the extent the remaining allegations of this paragraph refer to the Policy, it is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

27.     Admitted in part.  United admits that it possesses a copy of the Policy; it is specifically denied that the Policy is "unavailable" to Plaintiff.  By way of further response, student insurance master policies are issued to the policyholder which, in this case, is the Pennsylvania State University.  The Certificate of Coverage, which forms part of the master policy, is available online to insured members and contains all the benefits, terms, and provisions of coverage.

28.     Denied as stated.  The allegations of this paragraph refer to the Policy, which is a document that speaks for itself, and United denies any inconsistent characterizations thereof.

4

29.     Denied as stated.  The allegations of this paragraph refer to the Policy, which is a document that speaks for itself, and United denies any inconsistent characterizations thereof.

30.     Denied as stated.  The allegations of this paragraph refer to the Policy, which is a document that speaks for itself, and United denies any inconsistent characterizations thereof.

31.     Denied as stated.  The allegations of this paragraph refer to the Policy, which is a document that speaks for itself, and United denies any inconsistent characterizations thereof.

32.     Denied.  The Policy is an insurance contract between United and Penn State University with a one-year non-renewable term.  Further answering, United admits that Plaintiff enrolled in the Policy in July 2020 and re-enrolled in subsequent policies of insurance offered by Penn State effective August 2021 and August 2022.

33.     Admitted in part.  United admits only that Plaintiff is a student at the Pennsylvania State University and that he enrolled in the school-sponsored health insurance plan. The remaining allegations in this paragraph constitute conclusions of law to which no response is required.

34.     Admitted.

35.     Admitted.

36.     Admitted in part.  United admits only that Plaintiff pays monthly premiums for coverage afforded pursuant to the terms of the Policy.  The remaining allegations of this paragraph are denied.

37.     The allegations of this paragraph constitute conclusions of law and therefore no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

## V.     As to "UNITED'S HANDLING OF PLAINTIFF'S COVERED MEDICAL EXPENSES"

38.     United lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are, therefore, denied.

39.     Denied.  By way of further response, United student healthcare plans do not require a prior authorization as a condition for the approval of services.  When a member receives services, the policy requires that all services be medically necessary, and a medical-necessity review may be conducted, if warranted.

40.     Denied.  It is specifically denied that United ever represented to Plaintiff that the "student plan would cover [Plaintiff's] treatment."  By way of further response, Plaintiff did not communicate with United regarding the coverage or terms or conditions under the student health plan before he enrolled in the Policy in July 2020.

41.     Denied.  United denies that it represented to Plaintiff that his specific drug Treatment would be covered.  United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

42.     Admitted in part.  United admits only that United reimbursed Plaintiff's treatment providers for the prescribed Treatment in July 2020 and August 2020.  United denies that the Treatment prescribed by Dr. Loftus was medically necessary.  Further responding, the dosages of Entyvio and Remicade prescribed to Plaintiff by Dr. Loftus substantially exceeded the recommended dosage set forth in guidelines promulgated by the Food and Drug Administration

("FDA") and in the prescribing information issued by both drug manufacturers.  Additionally, the Treatment involves administering to Plaintiff both Entyvio and Remicade together, which is contrary to the recommendations of both drug manufacturers.

43.     Admitted in part.  United admits only that in October 2020, United placed a claim from Plaintiff's treatment provider seeking reimbursement for the Treatment in a "pending" status and asked Plaintiff's treatment providers to supply Plaintiff's medical records so that United could conduct a review of the medical necessity, efficacy, and safety of the treatment, which involves dosing that is significantly in excess of guidelines issued by the FDA and is contrary to the drug manufacturers' recommendations.  The remaining allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations are deemed to be factual in nature, they are denied.

44.     Denied as stated.  United denies that it was obligated to "immediately inform" Plaintiff that the drug Treatment was being reviewed for medical necessity.  United is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

45.     Admitted in part.  United admits only that during the 2020-2021 academic year, it pended certain claims concerning the Treatment being prescribed to Plaintiff to conduct a medical necessity review.  Further answering, United avers that it paid all of the claims for Plaintiff's Treatment during the 2020-2021 policy term, and through the present.  United lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

46.     Admitted in part.  United admits only that it pended claims for Plaintiff's Treatment while conducting a review of the medical necessity of such Treatment.  United further

admits that it received two calls from Plaintiff's designated representative, during which

United's customer service representatives informed Plaintiff's representative that medical

records requested were not yet received.  United lacks information or knowledge sufficient to

form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore,

denied.

47.     Admitted in part.  United admits only that at all times pertinent to the Second

Amended Complaint, Plaintiff continued to receive the Treatment and no Treatment was missed

or delayed.

48.     Denied.  Further answering, on February 1, 2021, a United customer service

representative spoke with Plaintiff's mother (his designated representative), and stated that a

notation on Plaintiff's account indicated that the claims for his Treatment were for high dollar

amounts, which could possibly lead to a review to determine whether all claimed services are

medically necessary.

49.     Denied.  Further answering, United implemented a policy of reviewing claims for

certain high cost and/or high utilization drugs to determine whether they met FDA criteria and

were medically necessary.  Pursuant to this policy, United relies on criteria (the "Commercial

Medical Benefit Drug Policies") developed for each drug that are based on criteria and

guidelines issued by the FDA to ensure patient safety and efficacy.

50.     Denied.

51.     Denied.  The allegations of this paragraph are conclusions of law to which no

response is required.  By way of further answer, United's Policy contains a definition of

Medically Necessary, which includes a requirement that the prescribed treatment be "[i]n

accordance with the standards of good medical practice." United's Commercial Medical Benefit

Drug Policies are in furtherance of its determination of medical necessity. United reviews claims

for high cost and/or high utilization drugs by referring to the Commercial Medical Benefit Drug

Policies developed for each drug, which are based on criteria and guidelines issued by the FDA

to ensure patient safety and efficacy. These Commercial Medical Benefit Drug Policies are

publicly available on United's website.

52.     Denied.

53.     Denied. Further responding, United implemented the policy of reviewing claims

for certain drugs for medical necessity for many years prior to Plaintiff's enrollment in the

Policy. United's StudentResources division adopted this policy on August 1, 2020, at the

beginning of the academic year for all student health plans.

54.     The allegations of this paragraph constitute conclusions of law to which no

response is required. To the extent the allegations are deemed to be factual in nature, they are

denied.

55.     Admitted in part. United admits only that United agreed to reimburse Plaintiff's

treatment providers for the treatments he had received in September 2020, and that the treatment

would be reimbursed through the end of the 2020-2021 policy year. The remaining allegations

of this paragraph refer to an email, which is a writing that speaks for itself and any inconsistent

characterizations thereof are specifically denied.

56.     Admitted in part. It is admitted that United has paid for all claims for the

Treatment submitted on Plaintiff's behalf. Further responding, as of March 5, 2021, United had

not denied coverage for the Treatment on the basis that it was not medically necessary. United

had placed Plaintiff's claims for the Treatment in a pended status so that it could conduct a

9

medical necessity review, and agreed to pay for the Treatment through the remainder of the policy year, even though the medical necessity review had not been completed as of March 5, 2021 for that plan year.  United further advised Plaintiff that coverage for any subsequent plan year would be provided only after a determination that the Treatment was, in fact, medically necessary.

57.     The allegations of this paragraph contain conclusions of law to which no response is required.  The allegations of this paragraph also refer to an email which is a writing that speaks for itself, and any inconsistent characterizations thereof are denied.  To the extent the allegations are deemed factual in nature, they are denied as stated.  Further responding, United agreed to pay for Plaintiff's Treatment through the remainder of the 2020-2021 policy year without having completed a review of the Treatment for medical necessity for that plan year.  United further advised Plaintiff that coverage for any subsequent plan year would be provided only after a determination that the Treatment was, in fact, medically necessary.

58.     The allegations of this paragraph contain conclusions of law to which no response is required.  The allegations of this paragraph also refer to an email which is a writing that speaks for itself, and any inconsistent characterizations thereof are denied.  To the extent the allegations are deemed to be factual in nature, they are denied.

59.     Denied.  Further answering, United agreed in March 2021 to pay for the Treatment for the 2020-2021 plan year even though the medical necessity review of the Treatment had not been completed for that plan year.  United further advised Plaintiff that coverage for any subsequent plan year would be provided only after a determination that the Treatment was, in fact, medically necessary.

60.     Denied.  By way of further answer, United did not deny coverage for the Treatment for a "period of approximately five months[.]"  Further responding, United placed claims for the Treatment in a pended status so that it could conduct a medical necessity review pursuant to the terms of the Policy.  United thereafter agreed to cover the costs of the Treatment without having completed the medical necessity review for that plan year.

61.     Denied.  The allegations of this paragraph refer to email communications, which are writings that speak for themselves and any inconsistent characterizations thereof are denied. To the extent these allegations are deemed to be factual in nature, they are denied.

62.     Denied.  By way of further answer, shortly after Plaintiff was informed in March of 2021 that his Treatment would be covered for the 2020-2021 plan year, Plaintiff requested confirmation of coverage for the next academic plan year which would begin in August 2021. Plaintiff also communicated that it was urgent to complete this review because of his scheduled Treatment sessions over the summer of 2021.  Thereafter, United undertook a pre-determination of benefits review and caused both internal and independent medical reviews to be conducted concerning the efficacy, safety and medical necessity of Plaintiff's proposed Treatment, which was contrary to the drug manufacturer's recommendations and to FDA guidelines.  Based on the medical reviews conducted, United determined that it could not confirm coverage for the following plan year for Plaintiff's Treatment in the dosage prescribed, which was substantially above the recommended medical guidelines.  United offered to arrange for another independent external medical review of the proposed Treatment, which Plaintiff declined.  The remaining allegations of this paragraph are denied.

63.     Denied. United also incorporates its response to paragraph 62 by reference.

11

64.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations are deemed to be factual in nature, they are denied.  United also incorporates its response to paragraph 62 by reference.

65.     Denied as stated.  Further responding, United incorporates by reference its response to paragraphs 56 and 62.

66.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations are deemed to be factual in nature, they are denied.

67.     Admitted in part.  It is admitted only that in connection with the pre-determination of benefits United agreed to conduct as an accommodation to Plaintiff for the following 2021-2022 plan year, it requested that the independent third party organization Medical Review Institute of America ("MRIoA") conduct a medical necessity review of the Treatment.  Further answering, MRIoA assigned the medical necessity review to Dr. Vikas Pabby, a board-certified gastroenterologist.  It is specifically denied that the pre-determination process was "fabricated."

68.     Admitted in part.  It is admitted only that MRIoA is an independent review organization contracted with United to provide clinical and medical reviews of various medical services.

69.     Admitted in part.  It is admitted only that United asked MRIoA, which assigned the review to Dr. Pabby, to conduct a medical necessity review of Plaintiff's requested Treatment.  To the extent the allegations of this paragraph indicate that United did not seek to determine whether the high dosages of the Treatment were medically necessary, they are denied.

70.     Denied as stated.  The allegations of this paragraph refer to the report of Dr. Pabby's May 4, 2021 medical necessity review, which is a writing that speaks for itself and any

inconsistent characterizations thereof are denied.   To the extent these allegations are deemed to be factual, United admits only that Dr. Pabby concluded the Treatment did not satisfy the Policy's requirement that it be medically necessary.

71.    Denied as stated.  The allegations of this paragraph refer to the report of Dr. Pabby's May 4, 2021 medical necessity review, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied. To the extent these allegations are deemed to be factual, United admits only that Dr. Pabby concluded the Treatment did not satisfy the Policy's requirement that it be medically necessary.

72.    Denied as stated.  The allegations of this paragraph refer to the report of Dr. Pabby's May 4, 2021 medical necessity review, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied. To the extent these allegations are deemed to be factual, United admits only that Dr. Pabby concluded the Treatment did not satisfy the Policy's requirement that it be medically necessary.

73.    Denied as stated.  The allegations of this paragraph refer to the Policy and to the Commercial Medical Benefit Drug Policies, which are writings that speak for themselves and any inconsistent characterizations thereof are denied.  By way of further answer, United incorporates by reference its responses to paragraphs 49 and 51.

74.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

75.    Denied.

76.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

77.     Denied as stated.  By way of further answer, shortly after Plaintiff was informed in March 2021, that his Treatment would be covered for the 2020-2021 plan year, Plaintiff requested confirmation of coverage for the next academic plan year which would begin in August 2021.  Plaintiff also communicated that it was urgent to complete this review because of his scheduled Treatment sessions over the summer of 2021.  Thereafter, United undertook a pre-determination of benefits review and caused both internal and independent medical reviews to be conducted concerning the efficacy, safety and medical necessity of Plaintiff's proposed Treatment, which was contrary to the drug manufacturer's recommendations and to FDA guidelines.  In order to complete the review in the most timely manner, United, at the suggestion of its insurance broker, requested that Dr. Pabby engage in a peer-to-peer review with Plaintiff's treating physician.  As a result of that review, Dr. Pabby concluded that administering Remicade and Entyvio together was medically necessary, but also concluded that the extremely high dose of the drugs being prescribed was not medically necessary as the safety of such dosing, which substantially exceeded FDA approved guidelines and the drug manufacturers' recommended dosing, had not been medically established.  United reasonably relied on Dr. Pabby's independent professional opinion.  United offered to arrange for another independent external medical review of the proposed Treatment, which Plaintiff declined.

78.     The allegation of this paragraph is a conclusion of law to which no response is required.  To the extent the allegation of this paragraph is deemed to be factual in nature, it is denied.

79.     United is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are, therefore, denied.

80.     Admitted.

81.     United is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are, therefore, denied.

82.     Admitted in part.  It is admitted only that Dr. Pabby determined that it was medically necessary for Plaintiff to receive dual-biologic therapy, but that the "safety of using such high doses is not established particularly when using dual biologic therapy."  Further answering, the allegations of this paragraph refer to the report of Dr. Pabby's May 12, 2021 medical necessity review, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.  United is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and they are, therefore, denied.

83.     Denied as stated.  The allegations of this paragraph refer to an email, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

84.     Denied as stated.  The allegations of this paragraph refer to an email, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

85.      The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

86.     Denied as stated.  The allegations of this paragraph refer to Dr. Pabby's May 12 report and an email, which are writings that speak for themselves and any inconsistent

characterizations thereof are denied. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

87.     Denied.

88.     Denied as stated.  Further responding, the allegation of this paragraph constitute a mischaracterization of an email, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

89.     Denied.  Further responding, the allegation of this paragraph constitutes a mischaracterization of an email, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

90.     Denied as stated.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

91.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

92.     Admitted in part.  It is admitted only that upon receipt of Dr. Loftus' May 19, 2021 letter, United submitted the letter to MRIoA so that Dr. Pabby could review the letter and consider his prior conclusions regarding the medical necessity of the Treatment in light of the additional information contained therein.  Further answering, MRIoA mistakenly assigned the review not to Dr. Pabby (who had completed the peer-to-peer with Dr. Loftus and the prior medical necessity reviews) but to another doctor, Dr. Kumar, who had no prior involvement with Plaintiff's case.  As MRIoA later confirmed to United, this third review should have been directed to Dr. Pabby in the first instance (as he was the physician who completed the peer-to-

16

peer with Plaintiff's treating provider who submitted the letter under consideration) and should never have been directed to Dr. Kumar.

93.     Denied as stated.  The allegations of this paragraph refer to a report prepared by Dr. Kumar, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

94.     Denied.  United also incorporates by reference its response to paragraph 92.

95.     Denied.

96.     Denied.

97.     Denied as stated.  It is specifically denied that United "called MRIOA and complained about the result[.]"  Further responding, upon review of Dr. Kumar's report, StudentResources' Nurse Supervisor, Victoria Kavanaugh, contacted MRIoA and asked MRIoA if Dr. Pabby should have completed the medical necessity review of the Treatment in light of Dr. Loftus' May 19 letter, given that Dr. Pabby had conducted the peer-to-peer review with Dr. Loftus and had issued several prior medical necessity reports regarding Plaintiff's Treatment. MRIoA confirmed that its standard practice is to assign all subsequent reviews to the reviewer who conducted any prior reviews of the same treatment and advised Ms. Kavanaugh that the review would be properly assigned to Dr. Pabby.

98.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

99.     Denied.  It is specifically denied that United "destroyed" the report prepared by Dr. Kumar.  Further answering, Ms. Kavanaugh accessed Dr. Kumar's report through MRIoA's customer portal, but did not save it to United's system because it was inadvertently and

incorrectly referred by MRIoA to a reviewer other than Dr. Pabby.  Accordingly, United did not physically possess the report by Dr. Kumar and could not produce it in discovery.

100.    Denied.  The allegations of this paragraph refer to Ms. Kavanaugh's deposition testimony, which speaks for itself and any inconsistent characterizations thereof are denied. Further responding, it is specifically denied that Ms. Kavanaugh testified that she has "discarded reports in the past[.]"  Ms. Kavanaugh testified only that if a review requires clarification or is in some way incorrectly completed, she would send it back to MRIoA for review and save only the final outcome to United's system.

101.    Denied as stated.  The allegations of this paragraph refer to writings that speak for themselves and any inconsistent characterizations thereof are denied.  It is specifically denied that Dr. Kumar informed United that Plaintiff "could die" if he did not receive the Treatment. Further answering, Dr. Vikas Pabby, an independent board-certified gastroenterologist, reviewed Plaintiff's Treatment on several occasions, conducted a peer-to peer review of such Treatment with Plaintiff's treating physician, and concluded that the safety of the Treatment in the high dosages prescribed had not been medically established and United reasonably relied on Dr. Pabby's independent professional opinion.

102.    Denied.  By way of further answer, United incorporates by reference its response to paragraph 101.

103.    Admitted in part.  United admits only that it issued a letter to Plaintiff on June 4, 2021.  The letter is a writing that speaks for itself, and any inconsistent characterizations thereof are denied.  Further responding, it is specially denied that United made any "fraudulent statements" as alleged in this paragraph. United also incorporates by reference its response to paragraph 77.

18

104.    Denied as stated.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterization thereof is denied.

105.    Denied as stated.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterization thereof is denied.

106.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

107.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

108.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

109.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

110.    Denied.  Further responding, United advised Plaintiff of his ability to have its determination reviewed by an external agency, which he did not do.

111.    Denied as stated.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself, and any inconsistent characterization thereof is denied.  Further answering, United's pre-determination of benefits review did not deny any claim that had been submitted to United for Plaintiff's Treatment.

112.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

113.    Denied as stated.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

114.    Denied as stated.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself, and any inconsistent characterization thereof is denied. Further answering, United denies that it acted deceptively or intentionally mislead Plaintiff.

115.    Denied as stated.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself, and any inconsistent characterization thereof is denied. Further answering, United admits only that Dr. Cates was board certified in family medicine and was an internal medical reviewer employed by a United affiliate and was not in private practice at the time of his review of Plaintiff's Treatment.  The remaining allegations of this paragraph refer to deposition testimony of Dr. Cates which is in writing and any inconsistent characterization thereof is denied.

116.    Admitted in part.  It is admitted that Dr. Cates is a doctor employed by a United affiliate as a Medical Director whose responsibilities include reviewing claims for coverage to determine whether the claim is for medically necessary treatment or services.

117.    Denied as stated.  The allegations of this paragraph refer to Dr. Cates' deposition testimony, which speaks for itself and any inconsistent characterization thereof is denied.

118.    Denied as stated.  The allegations of this paragraph refer to Dr. Cates' deposition testimony, which speaks for itself and any inconsistent characterization thereof is denied.

119.    Denied as stated.  The allegations of this paragraph refer to Dr. Cates' deposition testimony, which speaks for itself and any inconsistent characterization thereof is denied.

120.    Denied as stated.  The allegations of this paragraph refer to Dr. Cates' deposition testimony, which speaks for itself and any inconsistent characterization thereof is denied.

121.    Denied as stated.  The allegations of this paragraph refer to Dr. Cates' deposition testimony, which speaks for itself and any inconsistent characterization thereof is denied.

122.    Denied as stated.  The allegations of this paragraph refer to Dr. Cates' deposition testimony, which speaks for itself and any inconsistent characterization thereof is denied.

123.    Denied as stated.  The allegations of this paragraph refer to Dr. Cates' deposition testimony, which speaks for itself and any inconsistent characterization thereof is denied.

124.    Denied as stated.  The allegations of this paragraph refer to Dr. Cates' report of his review of the medical necessity of the Treatment, which is a writing that speaks for itself and any inconsistent characterization thereof is denied.

125.    Denied.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterization thereof is denied.  Further responding, it is specifically denied that United "destroyed and buried" the report which was prepared in error by Dr. Kumar.  United also incorporates its responses to paragraphs 97 and 99 by reference.

126.    Denied.

127.    Denied as stated.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterization thereof is denied.

128.    Denied as stated.  The allegations of this paragraph refer to a letter, which is a writing that speaks for itself and any inconsistent characterization thereof is denied.

129.    Denied as stated.  The allegations of this paragraph refer to an email and a letter, both of which are writings that speak for themselves and any inconsistent characterizations thereof are denied.  It is specifically denied that Dave Opperman's May 14, 2021 email was in any way "fraudulent."  Further responding, on information and belief, United's reviewers concerning Plaintiff's medical claims did not receive the June 7, 2021 letter written by Dr. Loftus until Plaintiff attached it as an exhibit to his Complaint.

130.    Admitted in part.  United admits only that it did not respond to Dr. Loftus' June 7, 2021 letter.  It is specifically denied that United "ignored" the letter, as alleged in this paragraph. Further responding, United's reviewers concerning Plaintiff's medical claims did not receive the June 7, 2021 letter written by Dr. Loftus letter.

131.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

132.    The allegations of this paragraph constitute conclusions of law to which no response is required.

133.    The allegations of this paragraph constitute conclusions of law to which no response is required.

134.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

135.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

136.    Denied.  By way of further answer, United has paid all of Plaintiff's claims for his Treatment for the 2020-2021 policy year, the 2021-2022 policy year, and any claims that have been received and processed by United to date for the 2022-2023 policy year.  As a result, Plaintiff has not missed a single Treatment or been delayed in receiving a single Treatment. United is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

137.    United is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are, therefore, denied.

138.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

139.    Admitted.

140.    Denied.  Further responding, United incorporates by reference its response to paragraph 136.

141.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

142.    Denied.

143.    Denied as stated.  Further responding, in October 2022, pursuant to the policy of automatically reviewing claims for certain drugs (including Entyvio and Remicade) for medical necessity, United's claims review system automatically pended claims for the Treatment and sent a request to Plaintiff's treating providers for his medical records.  United thereafter advised Plaintiff that the claims were pended in error and that it would be rescinding its request for

medical records from his providers.  By way of further answer, United did not stop paying claims for the Treatment submitted on Plaintiff's behalf.

144.     Denied.  Further responding, United did not renew any "threats" and has continued to pay all claims for the Treatment submitted on Plaintiff's behalf.  United is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are, therefore, denied.

145.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

146.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

147.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

148.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

149.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

150.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

151.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

152.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

153.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

154.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied for lack of information or knowledge.

155.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

156.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

**VI.**     **As to "COUNT ONE"**

157.     This is an incorporation paragraph to which no response is required.

25

158.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

159.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

160.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

161.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other relief as the Court deems appropriate.

## VII.    As to "COUNT TWO"

162.    This is an incorporation paragraph to which no response is required.

163.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they refer to a statute, which is a writing that speaks for itself and any inconsistent characterizations thereof are denied.

164.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

165.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

166.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

167.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other relief as the Court deems appropriate.

## VIII.    As to "COUNT THREE"

168.     This is an incorporation paragraph to which no response is required.

169.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

170.     The allegations of this paragraph and its sub-paragraphs constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other relief as the Court deems appropriate.

## IX.   As to "COUNT FOUR"

171.   This is an incorporation paragraph to which no response is required.

172.   The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

173.   The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

174.   The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

175.   The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

UnitedHealthcare Insurance Company and United Healthcare, Inc. (collectively, "United") set forth the following Defenses to Plaintiff's Second Amended Complaint:

28

1.      Plaintiff's Second Amended Complaint fails to state a claim on which relief can be granted.

2.      United did not breach any duty owed to Plaintiff.

3.      United paid all of Plaintiff's claims for his Treatment for the 2020-2021 plan year, the 2021-2022 plan year, and all claims processed and received to date for the Treatment for the 2022-2023 plan year.

4.      No action or inaction on the part of United, its agents, servants, employees, and/or representatives caused or contributed in any manner to the damages alleged by Plaintiff.

5.      At all times material hereto, United acted in good faith and in reliance on the advice of medical professionals.

6.      At all times material here, United acted with due care and complied with all requirements of applicable law.

7.      The damages complained of by Plaintiff, if any, were not caused by United.

8.      Some or all of Plaintiff's claims for damages may not be recoverable under law.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff, together with an award of costs, attorneys' fees, interest, and such other and further relief as this Court deems appropriate.

*/s/ Jeffrey A. Lutsky*
Jeffrey A. Lutsky, Esquire (PA ID. No. 36673)
Chelsea A. Biemiller, Esquire (PA ID. No. 319615)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(215) 564-8000
(215) 564-8120 (fax)
jlutsky@stradley.com
cbiemiller@stradley.com

*Attorneys for Defendants*
*UnitedHealthcare Insurance Company and*
*United Healthcare, Inc.*

Date: December 14, 2022